UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSIE L. SIMS,

        Plaintiff(s),

v.

DISTRICT ATTORNEY OFFICE, et al.,

        Defendant(s).

Case No. 2:17-cv-02996-APG-NJK

ORDER

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. The Court concludes that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.** **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint suffers from some threshold defects. First, it does not provide sufficient detail. Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). "Where claims are brought against multiple defendants, it is important that the complaint concisely

alleges which defendants are liable for which wrongs. Similarly, where multiple claims are brought, the complaint should make clear which factual allegations give rise to each of the various causes of action." *Montgomery*, 2014 WL 3724213, at *3 (discussing *McHenry*, 84 F.3d at 1178). Here, Plaintiff appears to be bringing several claims against several defendants, but has failed to state in a coherent manner what those claims are, against whom specifically each claim is being brought, and which factual allegations specifically each claim is based.

Second, construing the complaint broadly, the basic gist of Plaintiff's complaint is that he was stopped for jay-walking without probable cause and later arrested on an improper bench warrant. *See* Docket No. 1-1 at 3-4. Although not entirely clear, it appears that Plaintiff was then charged with failing to register as a sex offender. *See* Docket No. 1-2 at 1-5. Plaintiff has not alleged the results of those charges, including whether he was convicted.[1] This information is required because the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Allegations that, for example, the underlying arrest was made without probable cause would necessarily imply the invalidity of a conviction or sentence. *See, e.g., Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Accordingly, Plaintiff's complaint fails to comply with Rule 8 and fails to show that it is not barred by *Heck* or *Younger*. The Court will allow Plaintiff an opportunity to amend the complaint if he believes he can cure these deficiencies.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

---

[1] To the extent the charges remain pending, that circumstance would likely prevent Plaintiff from pursuing these claims. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 5, 2018**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: December 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge